Louis CINQUEMANO, et al

v.

**CIBA–GEIGY CORPORATION.**

**Civil Action No. 95–2020–B–M2.**

United States District Court,
N.D. Louisiana.

Dec. 10, 1996.

---

**40.** *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322– 23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Henry Bernis Alsobrook, Jr., Richard J. Kernion, Jr., Adams & Reese, New Orleans, LA, for Ciba–Geigy Corp.

## RULING ON SUBJECT MATTER JURISDICTION

POLOZOLA, District Judge.

This matter is before the Court on the Court's own motion to determine whether the Court has subject matter jurisdiction in this case. For reasons which follow, this matter is remanded to state court for lack of subject matter jurisdiction.

## FACTS

Plaintiffs originally filed this suit in the Eighteenth Judicial District Court of Louisiana. The defendant timely removed this suit to the Middle District of Louisiana. The plaintiffs claim that the defendant is the current or former employer of each of the plaintiffs. Plaintiffs' petition seeks to recover documents pursuant to La. R.S. 23:1016[1] which gives

> any current or former employee or his designated representative. .[the] right or access to employer's records of employee exposures to potentially toxic materials or harmful physical agents and employee medical records and any analyses using employee exposure records as provided in 29 U.S.C. 657 and in 29 C.F.R.1910.20, 'Access to Employee Exposure and Medical Records.'

Plaintiffs also seek reasonable attorney fees under La. R.S. 23:1016(C). Defendant removed this case to federal court on the basis of federal-question jurisdiction.

John Chandler Loupe, Moore, Walters, Shoenfelt & Thompson, Baton Rouge, LA, for Louis Cinquemano.

Edward J. Walters, Jr., John Chandler Loupe, Moore, Walters, Shoenfelt & Thompson, Baton Rouge, LA, for William Joe Henderson, B.L. Hedge, Paul E. Morgan, Edward Hickman, Thomas R. Adams, Donald B. Dueitt.

## SUBJECT MATTER JURISDICTION

Essentially, defendant argue. that since the cause of action under La. R.S. 23:1016 is premised on federal law, plaintiffs are actually asserting federal claims upon which subject matter jurisdiction may be based under 28 U.S.C. § 1331.

■ "A determination that a cause of action presents a federal question depends

---

1. Plaintiffs' petition actually asserts a cause of action under La. R.S. 23:1015; however, this is an obvious mistake as the applicable statute is La. R.S. 23:1016.

upon the allegations of the plaintiff's well-pleaded complaint."[2] "Generally, under section 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law."[3] The plaintiffs are the masters of their complaint. "A plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded."[4]

■ "However, in certain situations where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law."[5] In other words,

> '[i]f the only remedy available to the plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading. If, however, there is a choice between federal and state remedies, the federal courts will not ignore the plaintiff's choice of state law as the basis for the action.'[6]

Thus, "if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal."[7]

The Court now turns to a review and analysis of the plaintiffs' state court petition. The petition states that plaintiffs are entitled to access to certain employee records held by the defendant pursuant to La. R.S. 23:1016 which incorporates 29 U.S.C. § 657 and 29 C.F.R. § 1910.1020. These two federal provisions provide the standard for Louisiana courts to follow in deciding whether an employer has adequately complied with an employee's request under La. R.S. 23:1016. In other words, the Louisiana statute provides the cause of action, and the federal provisions incorporated therein provide the scope of this right.

■ As in *Carpenter*, the defendant argues that this state law claim is " 'essentially,' a federal claim in disguise."[8] Defendant contends that "the federal question clearly appears on the face and throughout plaintiffs' petition"[9] because plaintiffs' continually cite 29 C.F.R. § 1910.1020 as the basis for entitlement to the employee records. Defendants argument is without merit. As this Court has noted above, 29 C.F.R. § 1910.1020 provides the standard upon which the plaintiffs' state law cause of action is based. Although plaintiffs may refer to the federal statute, plaintiffs are not asserting a cause of action under federal law. The plaintiffs have a clear choice between federal and state law remedies. As is their right, plaintiffs have chosen to proceed under state law to obtain their records from the defendant. Any defense that the defendant may have under the provisions of 29 C.F.R. § 1910.1020 does not confer federal question subject matter jurisdiction upon this Court.[10]

Alternatively, defendant argues that this Court has federal question jurisdiction because this Court must interpret 29 C.F.R. § 1910.1020 as it is an "essential element of

---

2. *Carpenter v. Wichita Falls Indep. School Dist.,* 44 F.3d 362, 366 (5th Cir.1995) (citations omitted).

3. *Carpenter,* 44 F.3d at 366 (citing *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)).

4. *Carpenter,* 44 F.3d at 366 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986)).

5. *Carpenter,* 44 F.3d at 366.

6. *Carpenter,* 44 F.3d at 366 (quoting 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722 (2d Ed.1985)).

7. *Carpenter,* 44 F.3d at 367 (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987)).

8. *Carpenter,* 44 F.3d at 367.

9. Defendant's "Supplemental Memorandum in Support of Court Having Subject Matter Jurisdiction" ("Def.'s Memo") at 5.

10. *Carpenter,* 44 F.3d at 367.

plaintiffs' claim."[11] The Fifth Circuit Court of Appeals rejected a similar argument in *Carpenter*. One of the issues in *Carpenter* was whether the free speech rights of a demoted school administrator were violated under the Texas state constitution. The defendant in *Carpenter* argued that "the right to freedom of speech is so strongly a federal claim that even the state courts of Texas use analysis of First Amendment freedom of speech for the analysis of the state corollary. The state claim, thus, contains essentially a federal claim."[12] The court noted that "[t]he Texas court's possible reliance on the rules and reasoning of federal constitutional case law and scholarship in no way diminishes the independence of the state right."[13] "As the Supreme Court has recognized, a state court may choose merely to rely on federal precedents as it would on the precedents of all other jurisdictions,' thereby employing federal cases for the purpose of guidance.'"[14] The Court concluded its opinion by stating that "regardless of its formative reliance on federal law, the Texas constitutional right to free speech is not essentially federal, and to present a Texas constitutional claim is not necessarily to present a federal claim."[15]

■ In the case now pending before this Court, plaintiffs have sued the defendant under state law to obtain access to certain records in the possession of their employer. The state law defers to the standards and factors set forth in the federal law in determining what records a current or former employee may obtain from the employer. The mere fact that the state law relies on federal precedents does not convert this state law claim to a federal claim. This argument "disregards principles of federalism [because] it ignores the superiority of state-court forums for state-law claims...."[16] The Louisiana legislature's reliance on federal law standards when enacting La. R.S. 23:1016 does not transform this state statute into a federal claim.

Finally, defendant argues that La. R.S. 23:1016 "does not create a state law cause of action" because the statute "does not define the types of records to which an employee has access." Defendant contends that the statute simply directs prospective plaintiffs to federal provisions for the law.[17] Despite defendant's strong plea, the Court finds that plaintiffs' claim is clearly a state law cause of action. By stating that former employees, current employees or their designated representatives "shall have a right of access to employer's records of employee exposures ...,"[18] the Louisiana legislature has created a state right. The Louisiana legislature refers to 29 U.S.C. § 657 and 29 C.F.R. § 1910.1020 in order to define the scope of this state right. The reference to a federal statute does not convert the state claim into a federal claim.

In conclusion, La. R.S. 23:1016 gives current employees, former employees or their designated representatives the right of access to their employer's records regarding the employee's exposure to potentially harmful agents. The reference in La. R.S. 23:1016 to federal law to define the scope of this right does not convert this state claim into a federal question upon which the Court would have subject matter jurisdiction under 28 U.S.C. § 1331.

Thus, on the Court's own motion, the Court finds that it does not have subject matter jurisdiction in this case. Since the case was removed from state court to federal court, the Court hereby remands this suit to state court pursuant to 28 U.S.C. § 1447(c).

Therefore:

**IT IS ORDERED** that this case be remanded to the Eighteenth Judicial District

11. Def.'s Memo at 5.

12. *Carpenter*, 44 F.3d at 368.

13. *Carpenter*, 44 F.3d at 368.

14. *Carpenter*, 44 F.3d at 368 (quoting *Michigan v. Long*, 463 U.S. 1032, 1039, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983)).

15. *Carpenter*, 44 F.3d at 368.

16. *Carpenter*, 44 F.3d at 367.

17. Def.'s Mcmo at 5.

18. La. R.S. 23:1016(A).

Court for the Parish of Iberville because this Court lacks subject matter jurisdiction.

Judgment shall be rendered accordingly.